**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| ANNETTA MOORE § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| WAL-MART STORES TEXAS, LLC § | |
| DEFENDANT. § | DEFENDANT DEMANDS A JURY |

**DEFENDANT WAL-MART STORES TEXAS LLC'S
NOTICE OF REMOVAL**

WAL-MART STORES TEXAS, LLC ("Defendant"), incorrectly named as Walmart, Inc., files this Notice of Removal pursuant to 28 U.S.C. §§1441 and 1332.

**I.
INTRODUCTION**

1. Pursuant to 28 U.S.C. § 1441, et seq., this civil action is removed from the County Court at Law No. 2 of Galveston County, where this matter was pending under Cause No. CV-0089755, in a matter styled *Annetta Moore vs. Wal-Mart Stores, Inc. d/b/a Wal-Mart* (the "State Court Action").

**II.
RELEVANT FACTS**

2. Plaintiff, Annetta Moore (hereinafter "Plaintiff"), claims she suffered personal injuries as a result of allegedly slipping and falling on "a wet spot or other highly slippery spot of polished flooring" at Walmart store #529 in La Marque, Texas, on February 27, 2019. *See* Pl.'s Orig. Pet. (Ex. A) at ¶8. Plaintiff asserts a claim of negligence. *See id.* at Paras. 8–9. Plaintiff's lawsuit alleges she is seeking damages of $250,000.00 or less. *See id.* at ¶5.

## III.
## TIMELINESS OF REMOVAL

3. Plaintiff commenced this lawsuit by filing her Original Petition on February 1, 2022. Defendant Wal-Mart accepted service on March 3, 2022, through its agent, CT Corporation System.

4. Wal-Mart now timely files this Notice of Removal within 30 days after it was served with Plaintiff's lawsuit. 28 U.S.C. §1446.

## IV.
## BASIS FOR REMOVAL JURISDICTION

5. Removal is proper under 28 U.S.C. §§1441 and 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. At the time of the filing of this Petition, Plaintiff was, and is still, a citizen of Texas. *See* Pl.'s Orig. Pet. (Ex. A) at ¶2.

7. Defendant in this case is Wal-Mart Stores Texas, LLC. Defendant Wal-Mart Stores Texas, LLC is now and was at the time of filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC.

8. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of the State of Delaware with its principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S.378, 382–83 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir.

2017); *U.S. Bank Tr., N.A. v. Dupre*, 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*"). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.

9. Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas.

10. Accordingly, for diversity purposes, Defendant Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

11. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Wal-Mart Stores Texas, LLC pursuant to 28 U.S.C. §1332.

12. Plaintiff's lawsuit alleges she is seeking damages of $250,000.00 or less. *See* Pl.'s Orig. Pet. (Ex. A) at ¶5. As alleged, Plaintiff suffered personal injuries. *See id.* at ¶7. Plaintiff alleges she was seriously injured and entitled to past and future: medical expenses, pain, suffering, mental anguish, physical impairment, as well as past loss of household services and past loss wages which, in all likelihood and based on Plaintiff's allegations, exceeds $75,000.00. Thus, based on all information currently known by or available to Defendant, Plaintiff's pleadings confirm that the amount in controversy exceeds the jurisdictional minimum for removal to this Court.

## V.
## THIS NOTICE IS PROCEDURALLY CORRECT

13. Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant Wal-Mart Stores Texas, LLC in accordance with the provisions of 28 U.S.C. §1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs as specifically plead in the Petition.

14. Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration or otherwise, should Plaintiff challenge the allegations in a motion to remand or other filing.

15. In accordance with 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the County Court at Law No. 2 of Galveston County, where this matter was pending under Cause No. CV-0089755, in a matter styled *Annetta Moore vs. Wal-Mart Stores, Inc. d/b/a Wal-Mart*.

16. A jury trial has been demanded in the State Court Action by Defendant.

17. Trial has not commenced in the County Court at Law No. Two (2) of Galveston County, Texas.

## VI.
## CONCLUSION

18. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the County Court at Law No. Two (2) of Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division.

**WHEREFORE,** Defendant Wal-Mart Stores Texas, LLC files this Notice of Removal pursuant to and in conformance with the statutory requirements, removes this action from the County Court at Law No. Two (2) of Galveston County, Texas.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
jramirez.atty@bushramirez.com

**ATTORNEY FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing instrument has been sent to the following interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 1st day of April, 2022:

Krystal M. Matoke
1910 Pacific Avenue, Suite 15700
Dallas, Texas 75201

*/s/ John A. Ramirez*
John A. Ramirez